IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARISTA'S AND FRIENDS, INC., | ) | |
| d/b/a BARISTA'S DAILY GRIND, a | ) | |
| Nebraska corporation; | ) | |
| | ) | |
| STEVEN SICKLER, individually and as | ) | |
| an officer or director of the above | ) | |
| corporation; and | ) | |
| | ) | |
| CATHY METTENBRINK (also known as | ) | |
| CATHY SHELTON), individually | ) | |
| and as an officer or director of the above | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND
OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization

to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"),

pursuant to section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. § 56(a)(1), for its Complaint alleges:

1.      Plaintiff brings this action under sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a),

and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b, to

secure civil penalties, a permanent injunction, and other relief for Defendants' violations

of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions

Concerning Franchising and Business Opportunity Ventures" (the "Franchise Rule," or

"the Rule"), 16 C.F.R. Part 436, and section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a),

and 57b.  This action arises under 15 U.S.C. § 45(a).

3.     Venue in the United States District Court for the District of Nebraska is

proper under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b).

## DEFENDANTS

4.     Defendant Barista's and Friends, Inc. ("Barista's"), is a Nebraska

corporation with its principal place of business at 3807 14th Avenue, Kearney, Nebraska

68845.  Barista's sells coffee shop franchises under the trade name "Barista's Daily

Grind."  Barista's transacts or has transacted business in the District of Nebraska.

5.     Defendant Steven Sickler is the President and Co-Chief Operating Officer

of corporate Defendant Barista's.  At all times material to this Complaint, acting alone or

in concert with others, he has formulated, directed, controlled, or participated in the acts

and practices of corporate Defendant Barista's, including the acts and practices set forth

in this Complaint.  He resides or has transacted business in the District of Nebraska.

2

6.    Defendant Cathy Mettenbrink, also known as Cathy Shelton, is the Vice President, Secretary, Treasurer, and Co-Chief Operating Officer of corporate Defendant Barista's.  At all times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, or participated in the acts and practices of corporate Defendant Barista's, including the acts and practices set forth in this Complaint. She resides or has transacted business in the District of Nebraska.

### COMMERCE

7.    At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in the offering for sale and sale of Barista's Daily Grind coffee shop franchises, in or affecting commerce, as "commerce" is defined in section 4 of the FTC Act, 15 U.S.C. § 44.

### DEFENDANTS' BUSINESS ACTIVITIES

8.    Since 2003, Defendants have offered the public the opportunity to purchase a coffee shop franchise under the trade name "Barista's Daily Grind."  In many instances, franchisees pay Barista's an initial franchise fee of $40,000.  For this fee, franchisees obtain the right to operate under Barista's trade name and to sell Barista's authorized products.  In many instances, Barista's promises to provide franchisees with various forms of assistance, including, but not limited to, finding suitable locations for Barista's Daily Grind stores, formulating business plans, providing initial training, and assisting franchisees to obtain financing.  Barista's also controls the franchise operations by,

3

among other things, approving sites for the franchised coffee shops, imposing building design specifications, requiring franchisees to sell specific items and to purchase only approved products and supplies, and imposing hours of operation and bookkeeping standards.

9.     In many instances, Defendants furnish prospective franchisees with a document entitled "Business Plan." The Business Plan contains one or more pages entitled "Annual Expense & Profit Estimates." For example, one Business Plan estimates gross and net profits at prospective  Barista's Daily Grind shops in two Colorado locations:  Parker and Ft. Collins.  For the Parker area, the Business Plan estimates gross profits starting at $272,376 and increasing over three years to $400,982.  During the same period, the Business Plan estimates net profits in the Parker area ranging from $103,365 to $176,560.  For the Ft. Collins area, the Business Plan estimates gross profits starting at $212,285 and increasing over three years to $335,275.  During the same period, the Business Plan estimates net profits in the Ft. Collins area ranging from $102,131 to $178,009.

## THE FRANCHISE RULE

10.     The business packages sold by Defendants are franchises, as "franchise" is defined in section 436.2(a) of the Franchise Rule, 16 C.F.R. § 436.2(a).

11.     The Franchise Rule requires a franchisor to provide prospective franchisees with a complete and accurate basic disclosure document containing twenty categories of

information, including information about the franchisor and its principals, the terms and conditions under which the franchise operates, statistical information on the number of company-owned and franchisee-owned outlets in the franchisor's system (including the names and addresses of at least 10 existing franchisees), and audited financial statements. 16 C.F.R. § 436.1(a)(1)-(a)(20). Additional disclosures and substantiation in the form of an earnings claims statement is required if the franchisor elects to make any representations about a prospective franchisee's potential financial performance or the financial performance of existing franchisees in its system. 16 C.F.R. § 436.1(b)-(e). The pre-sale disclosure of this information required by the Rule enables a prospective franchisee to contact prior purchasers and take other steps to assess the potential risks involved in the purchase of the franchise.

12.     As a matter of policy, the FTC has authorized franchisors to comply with the Franchise Rule by furnishing prospective franchisees with disclosures in a format known as the Uniform Franchise Offering Circular ("UFOC"). Authorization to use the UFOC format to comply with the Rule's disclosures requirements was first granted by the Commission in the Final Interpretive Guides to the Rule, 44 Fed. Reg. 49,966, 49,970-71, and expressly requires adherence to the UFOC disclosure requirements in their "entirety." This conditional authorization has been ratified by the Commission following subsequent amendments to the UFOC requirements by the North American Securities Administrators Association, most recently on December 30, 1993. 58 Fed. Reg. 69,224.

5

13.    In many instances, Defendants furnished prospective franchisees with disclosures that fail to comply with either the FTC's Franchise Rule or the UFOC Guidelines disclosure requirements.

14.    Pursuant to section 18(d)(3) of the FTC Act, 15 U.S.C. 57a(d)(3), and 16 C.F.R. § 436.1, violations of the Franchise Rule constitute unfair or deceptive acts or practices in or affecting commerce, in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FRANCHISE RULE

## COUNT I

Basic Disclosure Violations

15.    In connection with the offering for sale and sale of franchises, as "franchise" is defined in section 436.2(a) of the Franchise Rule, Defendants furnished prospective franchisees with a disclosure document that failed to contain all required disclosures, including, but not limited to:

(A)    the business experience during the past five years of the franchisor's current directors and executive officers, as required by the Franchise Rule.  16 C.F.R. § 436.1(a)(2).  A substantially similar disclosure is required by the UFOC Guidelines.  (UFOC Guidelines, Item 2);

(B)    the business experience of the franchisor, including the length of time the franchisor has conducted a business of the type to be operated by the franchisee.  16 C.F.R. § 436.1(a)(3).  A substantially similar disclosure is required by the UFOC Guidelines.  (UFOC Guidelines, Item 1);

(C)    the names, addresses, and telephone numbers of:  (i) the 10 franchised outlets nearest the prospective franchisee's intended location; (ii) all

franchisees of the franchisor, or (iii) all franchisees of the franchisor in the state in which the prospective franchisee lives or where the proposed franchise is to be located, as required by the Franchise Rule. 16 C.F.R. § 436.1(a)(16). Substantially similar disclosures are required by the UFOC Guidelines (UFOC Guidelines, Item 20);

(D)     audited financial statements, including a balance sheet (statement of financial position), for the franchisor for the most recent fiscal year, and an income statement (statement of results of operations) and statement of changes in financial position for the franchisor for the most recent three fiscal years, as required by the Franchise Rule. 16 C.F.R. § 436.1(a)(20). Substantially similar disclosures are required by the UFOC Guidelines. (UFOC Guidelines Item 21); and

(E)     a prescribed cover page that, among other things, advises prospective franchisees to discuss the franchise offering with an advisor such as a lawyer or accountant and advises prospective franchisees to report "anything wrong or anything important that's been left out," as required by the Franchise Rule. 16 C.F.R. § 436.1(a)(21). A substantially similar cover page is required by the UFOC Guidelines. (UFOC Guidelines, Cover Page Instructions).

16.     Therefore, Defendants have failed to provide prospective franchisees with complete and accurate franchise disclosure documents, in violation of section 436.1(a) of the Franchise Rule and section 5(a) of the FTC Act.

## COUNT TWO

### Earnings Disclosure Violations

17.     In connection with the offering for sale and sale of franchises, as "franchise" is defined in section 436.2(a) of the Franchise Rule, Defendants made earnings claims to prospective franchisees while failing to provide prospective franchisees with an earnings claim document, as prescribed by the Rule. 16 C.F.R.

7

§ 436.1(b)-(d).  Substantially similar earnings claims requirements are mandated by the UFOC Guidelines (UFOC Guidelines, Item 19).

18.     Therefore, Defendants have violated sections 436.1(b)-(d) of the Franchise Rule and section 5(a) of the FTC Act.

## COUNT THREE

### Claim or Representation That Contradicts a Required Disclosure

19.     In connection with the offering for sale or sale of franchises, as "franchise" is defined in section 436.2(a) of the Franchise Rule, Defendants made earnings claims (gross and net profits) to prospective franchisees, contradicting representations made in corporate Defendant Barista's disclosure document that Barista's does not make any projections as to the amount of gross sales or net profits that a franchisee may earn.

20.     Therefore, Defendants have violated section 436.1(f) of the Franchise Rule and section 5(a) of the FTC Act.

## CONSUMER INJURY

21.     Consumers in the United States have suffered or will suffer substantial monetary loss as a result of Defendants' violation of the Franchise Rule and FTC Act. Absent injunctive relief by the Court, Defendants are likely to continue to injure consumers and harm the public interest in the offer and sale of franchises.

## THIS COURT'S POWER TO GRANT RELIEF

22.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including restitution and disgorgement, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

23.     Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers or other persons resulting from Defendants' violations of the Franchise Rule, including the rescission and reformation of contracts and the refund of money.

24.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes this Court to award civil penalties of not more than $10,000 for each violation of the Franchise Rule.  For violations occurring after November 20, 1996, the authorized civil penalty amount for each violation has increased to $11,000, as required by agency regulation issued pursuant to section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, 28 U.S.C. § 2461 note.  *See* 16 C.F.R. § 1.98.  Corporate Defendant Barista's violation of the Rule were committed with the knowledge required by section 5(m)(1)(A) of the FTC Act.

25.     This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by Defendants' violations of the Franchise Rule and the FTC Act.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized by sections 5(a), 5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b, and pursuant to its own equitable powers:

1.     Enter judgment against Defendants and in favor of the Plaintiff for the violations alleged in this Complaint;

2.     Enter a permanent injunction to prevent future violations of the FTC Act and Franchise Rule by defendants;

3.     Award Plaintiff monetary civil penalties for every violation of the Franchise Rule;

4.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the Franchise Rule and the FTC Act, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains; and

5.     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED: October 17, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE,
Plaintiff

By:   JOE W. STECHER
      United States Attorney
      District of Nebraska

And:  s/ Robert L. Homan
      ROBERT L. HOMAN, #18580
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE  68102-1506
      Phone: (402) 661-3700
      Fax:  (402) 661-3081
      robert.homan@usdoj.gov

OF COUNSEL:

LOIS C. GREISMAN
Associate Director for
Marketing Practices
Federal Trade Commission
Washington, D.C. 20580

STEVEN TOPOROFF
Attorney
Federal Trade Commission
Washington, D.C. 20580
Phone:  202-326-3135
Fax:  202-326-3395

EUGENE THIROLF
Director
Office of Consumer Litigation


ALAN PHELPS
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C.  20044
PHONE:  202-307-6154
FAX:      202-514-8742