FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 OCT 23 AM 10: 47

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:07CV415 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BARISTA'S AND FRIENDS, INC., ) | |
| d/b/a BARISTA'S DAILY GRIND, a ) | |
| Nebraska corporation; ) | |
| ) | |
| STEVEN SICKLER, individually and as ) | |
| an officer or director of the above ) | |
| corporation; and ) | |
| ) | |
| CATHY METTENBRINK (also known as ) | |
| CATHY SHELTON), individually ) | |
| and as an officer or director of the above ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

**STIPULATED JUDGMENT AND ORDER FOR
PERMANENT INJUNCTION**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), has filed a complaint pursuant to sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53b, 56(a), and 57b, to secure civil penalties, a permanent injunction, and other equitable relief for Defendants' violations of section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" ("Franchise

Rule"), 16 C.F.R. Part 436. The parties to this action agree to settlement of this action without adjudication of any issue of fact or law and without Defendants admitting liability for any of the violations alleged in the complaint.

THEREFORE, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## FINDINGS

1. This Court has jurisdiction of the subject matter and of the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2. Venue in this District is proper as to all parties.

3. The complaint states a claim upon which relief may be granted against Defendants under sections 5(a), 5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b.

4. The activities of Defendants as alleged in the complaint are in or affecting commerce, as "commerce" is defined in 15 U.S.C. § 44.

5. Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. Defendants have agreed that this Order does not entitle any Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

7. Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Asset" means any legal or equitable interest in, or right or claim to, any real and personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2. "Business Opportunity Rule" means:

   A. The FTC Trade Regulation Rule codified at 16 C.F.R. Part 436, until the effective date of the amendments to the FTC Trade Regulation titled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," approved by the Commission on January 22, 2007;

   B. After the effective date of the amendments to the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," approved by the Commission on January 22, 2007, the FTC Trade Regulation Rule titled "Disclosure Requirements concerning Business Opportunities," to be codified at 16 C.F.R. Part 437, or as it may be amended.

3. "Defendants" means corporate Defendant Barista's and Friends, Inc., d/b/a "Barista's Daily Grind," ("Barista's") and individual Defendants Steven Sickler ("Sickler") and Cathy Mettenbrink (also known as Cathy Shelton) ("Mettenbrink").

4. "Person" means a natural person or a corporation, partnership, proprietorship, or other organization or legal entity, including an association, cooperative, or agency, or other group or combination acting as an entity.

5. "Franchise Rule" means:

   A. The FTC Trade Regulation Rule codified at 16 C.F.R. Part 436, until the effective date of the amendments to the FTC Trade Regulation titled

        "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," approved by the Commission on January 22, 2007;

    B.    After the effective date of the amendments to the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," approved by the Commission on January 22, 2007, the FTC Trade Regulation Rule titled "Disclosure Requirements Concerning Franchising," to be codified at 16 C.F.R. Part 436, or as it may be amended.

6.    "UFOC format" is defined as the Uniform Franchise Offering Circular disclosure format that has been adopted by the North American Securities Administrators' Association and accepted by the Commission for use in lieu of the Franchise Rule's disclosure format until July 1, 2008.

## ORDER
## COMPLIANCE WITH THE FRANCHISE RULE
## OR BUSINESS OPPORTUNITY RULE
### I.

IT IS THEREFORE ORDERED that, in connection with the promoting, marketing, advertising, offering for sale, or sale of any franchise or business opportunity, Defendants, as well as their successors, assigns, officers, agents, servants, employees, entities, or persons directly or indirectly under their control, and those persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently enjoined from violating, or assisting others in violating, any provision of the Franchise Rule or Business Opportunity Rule by, including, but not limited to:

    A.    Failing to provide each prospective franchisee or business opportunity purchaser with a complete and accurate disclosure document as prescribed by the Franchise Rule or Business Opportunity Rule; *provided, however,*

       that until July 1, 2008, Defendants may comply with this provision by furnishing each prospective franchisee or business opportunity purchaser with a complete and accurate disclosure document in the UFOC format.

B.    Failing to provide each prospective franchisee or business opportunity purchaser with complete and accurate documentation for any earnings or financial performance representations, including any projected gross or net annual sales at one or more prospective franchised or business opportunity outlets or data on the gross or net annual sales of existing franchised or business opportunity outlets, required by the Franchise Rule or Business Opportunity Rule; *provided, however,* that until July 1, 2008, Defendants may comply with this provision by furnishing each prospective franchisee or business opportunity purchaser with the information required by Item 19 of the UFOC format.

C.    Making any claim or representation that is contradictory to the information required to be disclosed by the Franchise Rule or Business Opportunity Rule.

## COMPLIANCE TRAINING
## II.

IT IS FURTHER ORDERED that before Defendants, or any successors or assigns, may offer for sale or sell any franchise, they must first participate in the franchise compliance education program sponsored by the International Franchise Association, or comparable program approved by the Commission, at their own expense.

## CIVIL PENALTY AGAINST CORPORATE DEFENDANT BARISTA'S AND ACCURACY OF FINANCIAL INFORMATION
## III.

IT IS FURTHER ORDERED that:

A.    A judgment of $242,000 is hereby entered against corporate Defendant Barista's as a civil penalty, pursuant to section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A). This judgment is suspended.

B.    Plaintiff's and the Commission's agreement to and the Court's approval of this Order is expressly premised upon the truthfulness, accuracy, and

        completeness of the financial statements and information provided by the Defendants and their counsel to the Commission, including: (1) Barista's Corporate Financial Statement (dated May 12, 2006); (2) Sickler Individual Financial Statement (dated May 17, 2006); (3) Mettenbrink Individual Financial Statement (dated April 17, 2006); (4) Barista's 2005 Financial Report (dated Apr. 30, 2006); (5) Barista's 2004 Financial Report (dated Jan. 28, 2005); (6) Barista's 2003 Financial Report (dated Mar. 8, 2004); (7) Barista's 2004 tax return; (8) Barista's 2003 tax return; (9) Barista's W-3s (2005); (10) Sickler tax returns for 2005, 2004, 2003; and (11) Shelton tax returns for 2005; 2004, 2003, which Defendants stipulate are truthful, accurate, and complete.

    C.    If, upon motion by the Plaintiff, this Court finds that any of these financial statements failed to disclose any asset the value of which exceeds $1,000, or made any other material misrepresentations in or omissions of assets, then the Court shall lift the suspension and reinstate the judgment against corporate Defendant Barista's in the amount of $242,000; *provided, however*, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by this Court; and *provided further*, that proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies available by law. Solely for the purpose of reopening or enforcing this Paragraph, Defendants waive any right to contest any of the allegations set forth in the Complaint filed in this matter.

## COMPLIANCE MONITORING
## IV.

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

    A.    Within ten (10) days of receipt of written notice from a representative of the Plaintiff or Commission, individual Defendants Sickler and Mettenbrink and corporate Defendant Barista's each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

    B.    In addition, the Commission and Plaintiff are authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

        1.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

        2.    posing as consumers and suppliers to individual Defendants Sickler and Mettenbrink and corporate Defendant Barista's, individual Defendants Sickler and Mettenbrink and corporate Defendant Barista's employees, or any entity managed or controlled in whole or in part by individual Defendants Sickler and Mettenbrink and corporate Defendant Barista's, without the necessity of identification or prior notice; and

    C.    Individual Defendants Sickler and Mettenbrink and corporate Defendant Barista's shall permit representatives of the Commission or Plaintiff to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present. *Provided, however*, that nothing in this Order shall limit the Commission's or Plaintiff's lawful use of compulsory process, pursuant to sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING BY DEFENDANTS
## V.

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of five (5) years from the date of entry of this Order,

        1.    Individual Defendants Sickler and Mettenbrink shall each notify the Commission of the following:

            (a)    Any changes in the individual Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of such change;

7

  (b) Any changes in the individual Defendant's employment status (including self-employment) and any change in the ownership of the individual Defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that the individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the individual Defendant's duties and responsibilities in connection with the business or employment; and

  (c) Any changes in the individual Defendant's name or use of any aliases or fictitious name; and

 2. Individual Defendants Sickler and Mettenbrink and corporate Defendant Barista's shall notify the Commission of any changes in corporate structure of corporate Defendant Barista's or any business entity that individual Defendants Sickler or Mettenbrink directly or indirectly control or have an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, individual Defendants Sickler and Mettenbrink and corporate Defendant Barista's each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

 1. For each individual Defendant:

  a. The then-current residence address, mailing addresses, and telephone numbers of the individual Defendant;

8

   b. The then-current employment and business addresses and telephone numbers of the individual Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of the individual Defendant, for each such employer or business; and

   c. Any other changes required to be reported under subparagraph A of this section.

  2. For all Defendants:

   a. A copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraph VII; and

   b. Any other changes required under subparagraph A of this section.

C. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for Enforcement
Federal Trade Commission
601 New Jersey Avenue, NW
Washington, D.C. 20580
Re: <u>U.S. v. Barista's and Friends, Inc.</u>

D. For the purposes of this Order, Defendants shall, unless otherwise directed by a representative of Plaintiff, identify all written notifications to Plaintiff as provided in reference to DJ# 102-3423, and mail them to:

Director, Office of Consumer Litigation
U.S. Department of Justice - Civil Division
P.O. Box 386
Washington, DC  20044.

E. For purposes of the compliance reporting and monitoring required by this Order, representatives of Plaintiff and the Commission are authorized to communicate directly with individual Defendants Sickler and Mettenbrink and officers of corporate Defendant Barista's.

## RECORD KEEPING PROVISIONS
## VI.

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, in connection with the offering for sale of franchises and business opportunities ventures, corporate Defendant Barista's and individual Defendants Sickler and Mettenbrink, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the costs and revenues generated from the sale of franchises and business opportunity ventures, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of franchises or business opportunities purchased, and description of franchises or business opportunities purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

    E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials;

    F.    Copies of all materially different versions of disclosure documents (or, in the alternative, UFOCs) and, if applicable, earnings claims documents (or UFOC Item 19s) provided to prospective franchisees or business venture purchasers; and

    G.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of signed and dated acknowledgments of receipt of this order, required by Paragraph VII of this Order, and all reports submitted to the FTC pursuant to Paragraphs IV and V.

### DISTRIBUTION OF ORDER BY DEFENDANTS
### VII.

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

    A.    Corporate Defendant: Corporate Defendant Barista's must deliver a copy of this Order to all of its principals, officers, directors, and managers. Corporate Defendant Barista's also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

    B.    Individual Defendants Sickler and Mettenbrink as Control Person: For any business that either individual Defendant Sickler or Mettenbrink controls, directly or indirectly, or in which either individual Defendants Sickler or Mettenbrink has a majority ownership interest, individual Defendants Sickler or Mettenbrink each must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Individual Defendants Sickler and Mettenbrink each must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

    C.    Individual Defendants Sickler and Mettenbrink as Employees or Non-control Persons: For any business where either individual Defendant Sickler or Mettenbrink is not a controlling person of a business, but otherwise engages in conduct related to the subject matter of this Order, individual Defendants Sickler and Mettenbrink must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D. Corporate Defendant Barista's and individual Defendants Sickler and Mettenbrink must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS
## VIII.

IT IS FURTHER ORDERED that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION
## IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

Each party shall bear its own costs and attorneys fees.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

Dated this 23rd day of October, 2007.

United States District Judge

**FOR THE PLAINTIFF**
**UNITED STATES OF AMERICA:**

        UNITED STATES OF AMERICA,
        PETER D. KEISLER,
        Assistant Attorney General, Civil Division,
        U.S. DEPARTMENT OF JUSTICE,
        Plaintiff

By:   JOE W. STECHER
       United States Attorney
       District of Nebraska

And:  s/ Robert L. Homan
        ROBERT L. HOMAN, #18580
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE 68102-1506
        Phone: (402) 661-3700
        Fax: (402) 661-3081
        robert.homan@usdoj.gov

OF COUNSEL:

LOIS C. GREISMAN
Associate Director for
Marketing Practices
Federal Trade Commission
Washington, D.C. 20580

STEVEN TOPOROFF
Attorney
Federal Trade Commission
Washington, D.C. 20580
Phone: 202-326-3135
Fax: 202-326-3395

14

The parties, by their respective counsel, hereby consent to the terms and conditions of this Stipulated Order as set forth above and consent to the entry thereof.

FOR DEFENDANTS STEVEN SICKLER AND
BARISTA'S AND FRIENDS, INC.:

_____   Date: 8-20-07
STEVEN SICKLER, INDIVIDUALLY
AND AS AN OFFICER OF BARISTA'S
AND FRIENDS, INC.

FOR DEFENDANTS CATHY METTENBRINK
AND BARISTA'S AND FRIENDS, INC.:

x _____   Date: 8-20-07
CATHY METTENBRINK, INDIVIDUALLY
AND AS AN OFFICER OF BARISTA'S
AND FRIENDS, INC.

FOR DEFENDANTS BARISTA'S AND
FRIENDS, INC.; STEVEN SICKLER; AND
CATHY METTENBRINK:

_____   Date: 8-23-07
GARY R. BATENHORST, ESQ.
Stinson Morrison Hecker LLP
1299 Farnam Street
Omaha, Nebraska 68102
(402) 930-1734
COUNSEL FOR BARISTA'S AND
FRIENDS, INC.; STEVEN SICKLER; AND
CATHY METTENBRINK

FOR THE PLAINTIFF
UNITED STATES OF AMERICA:

OF COUNSEL:
LOIS C. GREISMAN
Associate Director for
Marketing Practices
Federal Trade Commission
Washington, D.C. 20580

STEVEN TOPOROFF
Attorney
Federal Trade Commission
Washington, D.C. 20580
PHONE: 202-326-3135
FAX:    202-326-3395

PETER D. KEISLER
Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE

JOE W. STECHER
United States Attorney

_____
ROBERT L. HOMAN, #18580
Assistant U.S. Attorney
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE 68102
PHONE: 402-661-3700
FAX:    402-661-3080


EUGENE THIROLF
Director
Office of Consumer Litigation

_____
ALAN PHELPS
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-307-6154
FAX:    202-514-8742

## REASONS FOR SETTLEMENT

This statement accompanies the Stipulated Judgment and Order for Permanent Injunction ("Order") executed by defendants Barista's and Friends, Inc., ("Barista's"), Steven Sickler, and Cathy Mettenbrink (also known as Cathy Shelton). The Order enjoins defendants from violating the Franchise Rule, 16 C.F.R. Part 436, and the Business Opportunity Rule, 16 C.F.R. Part 437, with respect to the sale of franchises and business opportunities. The Order sets forth a suspended $242,000 civil penalty, based on the defendants' dire financial circumstances.

Pursuant to section 5(m)(3) of the Federal Trade Commission Act, as amended, 15 U.S.C. § 45(m)(3), the Commission hereby sets forth its reasons for settlement by entry of the Order:

On the basis of the allegations contained in the Complaint, and the defendants' financial records, the Commission believes that a suspended $242,000 civil penalty judgment is appropriate in this instance. The provisions enjoining defendants from failing to comply with the Franchise Rule and Business Opportunity Rule disclosure requirements should assure its future compliance with the law. In addition, the Order requires the defendants to participate in a compliance training program sponsored by the International Franchise Association. Finally, with the entry of the Order, the time and expense of litigation will be avoided.

For the foregoing reasons, the Commission believes that the settlement by the entry of the attached Order is justified and well within the public interest.